# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK L. CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 11-395 |
| | ) |
| vs. | ) |
| | ) |
| JEANNETTE DISTRICT MEMORIAL | ) Judge Arthur J. Schwab/ |
| HOSPITAL; ATTEND[ING] PHYSICIAN | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| and NURSE in emergency unit, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully recommended that, prior to service, the complaint be dismissed for failure to state a claim upon which relief can be granted, pursuant to the authority granted courts by the Prison Litigation Reform Act.

### REPORT

Derrick L. Cunningham ("Plaintiff"), a state prisoner, currently housed at SCI-Chester, has filed a complaint against the Jeannette District Memorial Hospital ("the Hospital") and the physician and nurse who attended him in the emergency unit. Plaintiff alleges that two days after he was allegedly assaulted by prison guards, in the presence of Police Officer Zulisky, Plaintiff went to the Hospital on October 10, 2008 and was not adequately treated while there. Plaintiff also alleges that the attending doctor and nurse refused to treat his injuries sustained in the alleged assault. Plaintiff asserts that this establishes a claim of medical malpractice. Because medical malpractice is a State law tort, and Plaintiff does not allege any diversity of citizenship between himself and the Defendants, the complaint should be dismissed for lack of subject

matter jurisdiction. Alternatively, even if we would liberally construe the complaint as alleging deliberate indifference to Plaintiff's serious medical needs in violation of the United States Constitution, Plaintiff's complaint must be dismissed for either one of two independent reasons. First, he fails to adequately allege State action and, therefore, Plaintiff fails to state a claim under Section 1983. Secondly, because Plaintiff did not file the present suit, until, at the earliest, March 23, 2011, which is more than two years after the incident, the complaint is time barred and must be dismissed for failure to state a claim upon which relief can be granted.

**Relevant Factual and Procedural History**

On March 25, 2011, the Clerk's office received from Plaintiff an application to proceed *in forma pauperis* (IFP"), accompanied by a proposed complaint.[1] The IFP motion was granted and Plaintiff's complaint was filed. Plaintiff used the pre-printed form complaint provided by this Court to prisoners.

The complaint alleged the following,

Attending doctor and nurse. They refused to treat 3rd degree burn holes [allegedly received as a result of the use of a stun gun on Plaintiff by the prison guards], clearly visible. They gave me vicodin for back pain. They refused to take photos, refused to give me antibiotics [and] burn cream. In the emergency unit, I told the doctor there's blood in my urine. 5 minutes later, the doctor tells me I can procreate. When the doctor 1st enters the room[,] his comment was, why did you do this to yourself [and] laughed in my face while the nurse was present. It was unprofessional, [and] ignorant.

---

[1] In fact, the Clerk of Court received several different complaints on or around March 25, 2011, most of which concerned the same or surrounding incidences as the incident in the case at bar. Most of these complaints are subject to dismissal on statute of limitations grounds as well and separate orders will be entered.

ECF No. [3] at 2, ¶ IV.C. In response to the question what federal law Plaintiff claims was violated, Plaintiff wrote "medical malpractice." ECF No. [3] at 2, ¶ 3.[2] By way of relief, Plaintiff seeks damages and he wants the doctor reprimanded. ECF No. [3] at 3, ¶ VI.

**Applicable Legal Principles**

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding IFP. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2). Here, Plaintiff, has been granted IFP status, and was at the time of filing this lawsuit,[3] a prisoner within the meaning of 28 U.S.C. §1915.[4] Thus,

---

[2] To the extent that Plaintiff's complaint can be liberally construed to be making a claim of deliberate indifference to a serious medical need, because we recommend dismissal of this case on statute of limitations ground and jurisdictional grounds, we need not decide whether, at the time of the alleged incident, Plaintiff was an arrestee, a pre-trial detainee, or a convicted prisoner, if any of those, in order to determine which Constitutional amendment governed the alleged incident. See, e.g., Natalie v. Barnett, No. Civ.A. 97-1291, 1998 WL 175890, at *3 (E.D. Pa. April 2, 1998) (discussing differences of arrestee and pre-trial detainee).

[3] See, e.g., In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("If a litigant is a prisoner on the day he files a civil action, the PLRA applies."); Colby v. Sarpy County, No. 4:01CV3130, 2006 WL 519396, at *1 (D. Neb. March 1, 2006) ("The status of the plaintiff at the time the lawsuit is
(. . . footnote continued)

3

Section 1915(e)(2) is applicable herein.  Moreover, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim or that is frivolous, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e).  <u>See</u>, <u>e.g.</u>, <u>Keener v. Pa. Board of Probation and Parole</u>, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of *in forma pauperis* actions that are frivolous or fail to state a claim."); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 (9th Cir. 2000); <u>Nieves v. Dragovich</u>, 1997 WL 698490, at *8.

In performing a court's mandated function of *sua sponte* reviewing complaints under 28 U.S.C. § 1915(e), to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  <u>See</u>, <u>e.g.</u>, <u>Anyanwutaku v. Moore</u>, 151 F.3d 1053 (D.C. Cir. 1998); <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1484 (11th Cir. 1997); <u>Neal v. Pa. Board of Probation and Parole</u>, No. CIV. A. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997) ("The Court adopts the familiar standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure in determining whether the complaint fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).").

In reviewing complaints as mandated by 28 U.S.C. § 1915(e), and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, a complaint may properly be dismissed

---

initiated, i.e., whether the plaintiff is incarcerated when the complaint is filed, determines whether the PLRA applies to a case.").

[4]  The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).

4

for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In order to meet the notice pleading requirements of Fed.R.Civ. P. No. 8(a)(2), "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (*quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also 5C Wright & Miller, Federal Practice and Procedure § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") (citations omitted).

Under the foregoing standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). Nevertheless, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). Nor must a court accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and items appearing in the record of the case when adjudicating a motion to dismiss under Rule 12(b)(6). Winer Family Trust v. Queen, 503 F.3d 319, 328 -29 (3d Cir. 2007); Oshiver v. Levin, Fishbein, Sedran & Berman, 38

F.3d 1380, 1385 n.2 (3d Cir. 1994) (in adjudicating motions to dismiss, courts may "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case.").

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the indisputably authentic exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those un-contradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Twombly, 550 U.S. at 555. Or, put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is acting *pro se*, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, dismissal is proper under Rule 12(b)(6) and hence, under 28 U.S.C. § 1915(e), where the court determines that the facts alleged, which are not contradicted by facts of which judicial notice may be had, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. U.S., 220 F.3d 169, 178 (3d Cir. 2000).

**Discussion**

Plaintiff asserts that the cause of action he has against the Defendants is a claim of "medical malpractice." Medical malpractice is a State law tort claim, over which this Court

lacks subject matter jurisdiction unless there is complete diversity of citizenship between Plaintiff and all of the Defendants. See, e.g., Bent v. Massachusetts General Hosp., 998 F.2d 1001 (Table), 1993 WL 279079, at *1 (1st Cir. 1993) ("absent diversity, district court has no subject matter jurisdiction over medical malpractice claim"); Peltier v. Metts, C/A No. 2:09-44, 2009 WL 6593943, at *6 n.6 (D.S.C. Jan. 12, 2009) ("plaintiff's state law claims of medical malpractice and informed consent are not cognizable because complete diversity of parties is not present in this case. State law claims would be cognizable in this federal court under the diversity statute, if that statute's requirements are satisfied. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00)") (citations omitted), *report adopted by*, 2009 WL 6593938 (D.S.C. Jan. 28, 2009), *aff'd*, 329 F.App'x 396 (4th Cir. 2009).

Plaintiff fails to allege his own citizenship. He also fails to allege the citizenship of each Defendant. Because Plaintiff fails to allege the citizenship of all parties, any potential claims based on diversity of citizenship, including his medical malpractice claims should be dismissed. See, e.g., Kissi v. Gillespie, 348 F.App'x 704, 705 (3d Cir. 2009) ("A plaintiff invoking a federal court's diversity jurisdiction bears the burden of stating 'all parties' citizenships such that the existence of complete diversity can be confirmed.'") (quoting Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co., 177 F.3d 210, 222 n.13 (3d Cir. 1999)); Scott v. LTS Builders LLC, Civ. No. 1:CV-10-581, 2010 WL 4530153, at *1 (M.D.Pa., Nov. 2, 2010) ("Since they are invoking our diversity jurisdiction, Plaintiffs have the burden of establishing it by alleging the citizenship of all parties.").

In the alternative, even if we were to liberally construe Plaintiff's complaint to be alleging a federal cause of action, such as asserting that the Defendants were deliberately

indifferent to his serious medical needs in violation of the Constitution, the complaint would still be properly dismissed prior to service.  Even though Plaintiff does not specifically mention 42 U.S.C. § 1983, which is the Civil Rights Act, because it is possible that Plaintiff is seeking to vindicate his Constitutional rights and because he does not have a cause of action directly under the Constitution, a liberal reading of the complaint requires the court to construe his complaint as one invoking the court's federal question jurisdiction pursuant to 42 U.S.C. § 1983.  See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir 1981) (where a federal statute governing civil action for deprivation of rights provides a remedy, *i.e.*, 42 U.S.C. § 1983, an implied cause of action grounded on the Constitution is not available), *overruling on other grounds as recognized in*, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986).  Hence, the court construes the current complaint as alleging a cause of action under Section 1983.

Congress did not specify a statute of limitations for actions arising under 42 U.S.C. § 1983 of the Federal Civil Rights law.  Wilson v. Garcia, 471 U.S. 261, 267 (1985), *overruled by statute on other grounds as recognized in*, Hurst v. Trader, 223 F.App'x 128, 131 (3d Cir. 2007).  Because of this, the Courts are to consider Section 1983 actions as tort actions and borrow the statute of limitations for personal injury or tort actions from the appropriate State.  Wilson v. Garcia, 471 U.S. at 267 to 275.  The Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the Federal courts, located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years.  Fitzgerald v. Larson, 769 F.2d

160, 162 (3d Cir. 1985) ("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania."). The statute of limitations requires that a complaint be filed within its time limits from the time a cause of action accrues. See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

A Federal District Court may *sua sponte* raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint. See, e.g., Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Tate v. United States, 13 F.App'x 726 (9th Cir. 2001). Instantly, the bar of the statute of limitations is apparent on the face of Plaintiff's complaint.

Herein, the wrongs complained of by Plaintiff, allegedly occurred on October 10, 2008, and, therefore, accrued then. Plaintiff did not "file"[5] his application to proceed IFP, which would stop the running the of the statute of limitations,[6] until, at the earliest, March 23, 2011, *i.e.*, more than two years and five months after the alleged wrongs were allegedly perpetrated by the Defendants at the Hospital. Thus, it is clear from the face of the complaint that Plaintiff failed to commence his lawsuit within the two year applicable statute of limitations. Accordingly, the

---

[5] Plaintiff's application for IFP status was not signed until March 23, 2011, ECF No. [1] at 1, which is the earliest this court could deem Plaintiff's suit as being filed, which is well beyond the two year limitations period. See Cromwell v. Keane, 27 F.App'x 13 (2d Cir. 2001) (for prisoner mail box rule, a prisoner is deemed to file his pleading on the date which he hands it to prison officials for mailing; in the absence of evidence as to when this is, the court should deem the date whereon the prisoner signed his IFP application as the date whereon he handed his pleading to the prison officials).

[6] Richardson v. Diagnostic Rehabilitation Center, 836 F.Supp. 252, 254 (E.D. Pa. 1993) ("While a complaint accompanied by an i.f.p. motion is usually not deemed 'filed' until leave to proceed *in forma pauperis* is granted or the filing fee is paid, the filing of the motion tolls the applicable statute of limitations.").

complaint should be dismissed before service for failing to state a claim upon which relief can be granted, given that the statute of limitations bars the suit.[7]

Plaintiff also filed something entitled "Reason for Extension." ECF No. [1-2] at 1 to 4. In that filing, Plaintiff explained that a lawyer named, Aaron Rihn, whom Plaintiff apparently was attempting to retain to file the instant lawsuit, made several attempts to contact Plaintiff but Plaintiff states that he never received any mail from Attorney Rihn. Plaintiff apparently did receive a letter from Attorney Rihn, on or about January 16, 2011, indicating that Attorney Rihn would not be able to take Plaintiff's case. ECF No. [1-3] at 1. That letter from Attorney Rihn was in response to a letter from Plaintiff dated January 3, 2011. Id. In that letter from Attorney Rihn, Rihn indicates that Plaintiff failed to keep Rihn informed of his whereabouts. Id. ("We were not aware that at some point in time you were moved to Camp Hill."). Plaintiff further indicates that he gave a power of attorney to Attorney Rihn on March 11, 2010. ECF No. [1-2] at 1. Plaintiff also indicates that Attorney Rihn told Plaintiff that Rihn would investigate Plaintiff's case and get something back to Plaintiff within two weeks. Id. Two weeks passed and Plaintiff alleges that he did not receive anything from Attorney Rihn and so Plaintiff wrote Attorney Rihn, not knowing if the letter got to him. Id. Plaintiff also stated in the filing entitled "Reason for Extension" that "[d]ue to Ineffective Counsel [and] mail interruptions, I humbly ask for a 3 to 6 month extension, to obtain proper counsel for my multiple litigations. Until then I'm filing 'pro se.'" ECF No. [1-2] at 1.

---

[7] Even if Plaintiff had adequately alleged the citizenship of all parties and even if complete diversity existed between Plaintiff and the Defendants, the foregoing analysis concerning the expiration of the statute of limitations for any Section 1983 cause of action would apply equally to Plaintiff's medical malpractice claim, i.e., it would be time barred.

It seems that in the "Reason for Extension" filing, Plaintiff is simply requesting, perhaps, a stay of this case, until such time has he can acquire counsel or succeed in having counsel appointed. However, liberally construing the filing entitled "Reason for Extension," it could be that Plaintiff is attempting to invoke the doctrine of equitable tolling. Even if we considered his contentions to be invoking the doctrine of equitable tolling, we find that Plaintiff has failed to carry his burden to show entitlement to any such equitable tolling.

As explained by the Court of Appeals for the Third Circuit:

> Equitable tolling applies when a plaintiff has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir.1999). This occurs "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." . . . . The plaintiff, however must "exercise due diligence in preserving his claim." *Irwin*, 498 U.S. at 96, 111 S.Ct. 453. Equitable tolling is an extraordinary remedy which should be extended only sparingly.

Hedges v. U.S., 404 F.3d 744, 751 (3d Cir. 2005) (footnote omitted). Moreover, "equitable tolling is permitted only if the party has exercised due diligence throughout the period it seeks to have tolled." Oporto v. Gonzales, 242 F.App'x 756, 758 (2d Cir. 2007); Truxal v. District Attorney of Westmoreland County, No. 08-cv-00934, 2010 WL 411766, at *5 (W.D.Pa. Jan. 28, 2010) ("the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll.") (*quoting* Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000)). Furthermore, it is the Plaintiff's burden to establish entitlement to equitable tolling. Harris v. Homecomings Financial Services, Inc./Bank One, 377 F.App'x, 240, 243 (3d Cir. 2010) ("In order to equitably toll a statute of limitations, a **plaintiff must establish**, in pertinent part, that the defendant actively misled her about her claims or that some other extraordinary circumstance prevented her from pursuing her claims. Moreover, she must demonstrate that she diligently

11

pursued her claims.") (emphasis added) (citations omitted); Carter v. Keystone, 360 F.App'x 271, 273 (3d Cir. 2010) ("Plaintiff bears the burden to show that equitable tolling is warranted.").

Plaintiff has failed to show that he acted with diligence throughout the time he would need to have tolled. He fails to explain why he could not have filed his complaint *pro se* at some point earlier than he did. Moreover, we take judicial notice of the fact that as of November 13, 2008, shortly after the alleged incident, Plaintiff apparently posted bond and was released on bond thereafter at least for a little while, until he was again arrested or about April 14, 2009, when his bond was revoked.[8] Plaintiff fails to explain why, during the time that he was at liberty on bond, he could not have filed the complaint. Plaintiff's shortcomings in showing diligence is all the more striking given that he apparently was well aware that he only had two years in which to file. See, e.g., ECF No. [1-2] at 3, ¶8 ("Mind you the 2 year deadline is approaching."). While Plaintiff says that on September 16, 2010, he tried to file a complaint, id., Plaintiff fails to say with whom he tried to file the complaint, and he fails to say what kind of complaint it was he tried to file, *i.e.*, a private criminal complaint or a civil complaint. Nor does he explain what happened when he tried to file the complaint. Such is woefully inadequate to meet Plaintiff's burden to show entitlement to the "extraordinary remedy [of equitable tolling] which should be extended only sparingly." Hedges v. U.S., 404 F.3d at 751.

---

[8] The Court takes judicial notice of the dockets of the Court of Common Pleas of Westmoreland County in one of Plaintiff's many criminal cases, Commonwealth v. Derrick Cunningham, No. CP-65-CR-0004761-2008 which is available at

http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?docketNumber=CP-65-CR-0004761-2008

(Site last visited 4/5/2011). Those dockets reveal that Plaintiff posted bond on November 13, 2008 and that on April 14, 2009, there was an order granting the motion to revoke bond.

Accordingly, we find that the complaint is time barred and Plaintiff has failed to meet his burden to show entitlement to equitable tolling. Hence, all of Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted due to them being time barred.

Alternatively, Plaintiff fails to state a claim under Section 1983 because he fails to allege facts, indicating that the Defendants acted under color of State law. In order to establish a Section 1983 cause of action, a plaintiff must sufficiently allege: 1) that there was a person acting under color of state law; 2) whose actions under color of state law caused him to be deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988). Because Plaintiff fails to allege any facts indicating that the Defendants acted under color of State law, the complaint should be dismissed for this alternative reason as well. See, e.g., McCain v. Episcopal Hosp., 350 F.App'x 602, 604-05 (3d Cir. 2009) ("McCain makes no allegations to support his claim that the hospitals were acting under color of state law. '[T]here is no liability under § 1983 for those not acting under color of law.' Although McCain asserts that the hospitals were acting under color of state law, there is no allegation that the Episcopal Hospital or the Hospital of the University of Pennsylvania are state actors, that they have 'acted together with' or have 'obtained significant aid from state officials,' or that their conduct is 'otherwise chargeable to the State.' Other than McCain's bare assertion, there is nothing in the complaint to suggest that either defendant was acting under color of state law.") (citations omitted). Unlike the plaintiff in McCain, Plaintiff herein does not, even in a conclusory fashion, allege that the Defendants acted under color of State law.

**CONCLUSION**

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed 14 days, to file written objections to this report. Failure to timely file objections will constitute a waiver of any appellate rights. Brightwell v. Lehman, __ F.3d __, 2011 WL 635274, *5 n.7 (3d Cir. Feb. 9, 2011).

April 7, 2011 _____
Lisa Pupo Lenihan
Chief U.S. Magistrate Judge


cc: DERRICK L. CUNNINGHAM
JU-3758
SCI Chester
500 East 4th Street
Chester, PA 19013