IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DERRICK L. CUNNINGHAM,

    Plaintiff,

v.

JEANNETTE DISTRICT MEMORIAL
HOSPITAL, ET AL.,

    Defendants.

11cv0395
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER**

On March 28, 2011, *pro se* Plaintiff filed a civil rights Complaint against Jeannette District Memorial Hospital, the attending physician, and the nurse in the Emergency Department who treated him On October 10, 2008. Doc. no. 3. On April 7, 2011, United States District Magistrate Judge Lenihan filed a Report and Recommendation recommending that pursuant to the Prison Litigation Reform Act ("PLRA"), Plaintiff's civil rights Complaint be dismissed, pre-service, because his claims were time-barred and thus, failed to state a claim upon which relief could be granted. Doc. no. 8.

On April 18 and 20, 2011 Plaintiff filed what he called "Claims for Relief." See doc nos. 9-10. This Court interpreted these documents to be Objections to the Report and Recommendation. See doc. no. 11. On April 28, 2011, this Court adopted Judge Lenihan's Report and Recommendation as its own Opinion, thereby dismissing the Complaint pre-service for failure to state a claim upon which relief could be granted. Doc. no. 11.

On May 9, 201,1 Plaintiff filed a Motion for Reconsideration suggesting that "his mail [was] tampered with" and implying that this alleged "tampering" prevented him from timely filing this Complaint. See doc. no. 12. Specifically, Plaintiff's Motion for Reconsideration

reads, "I . . . feel my other four cases shouldn't be dismissed due to time constraint. . . . Due to the relativity of my mail being tampered with before the time elapsed. I ask the courts to reconsider, the ramification of my mil being tampered with. . . . I was isolated in the Westmoreland County Prison. Even after I asked Judge Rita Hathaway for assistance. In February 2010. . . ." Doc. no. 12.

## I. Standard of Review

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. See, Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

A court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. Pahler v. City of Wilkes Barre, 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001). A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. Rossi v. Schlarbaum, 600 F. Supp. 2d 650, 670 (E.D. Pa. 2009).

## II. Discussion

Plaintiff's Motion for Reconsideration, even construed in light most favorable to this *pro se* Plaintiff, fails to even imply that there has been an intervening change in controlling law. Similarly, the Motion does not even remotely suggest that this Court committed a clear error of law, which, if uncorrected, would cause manifest injustice. Thus, the only basis upon which his Motion could be considered would be if he were attempting to bring "new evidence" to light. However, as his own Motion notes, he complained of "mail tampering" during February of 2010 to another judge. Thus, by the time he filed this Complaint over a year later (on March 28, 2011) Plaintiff could presented evidence of mail tampering to Judge Lenihan and to this Court.

Having revisited Plaintiff's original Complaint (doc. no. 3), Judge Lenihan's Report and Recommendation (doc no. 8), my prior Memorandum Order dated April 28, 2011 (doc. no. 11), and Plaintiff's Motion for Reconsideration of this Court's April 28, 2011 Order dismissing this case, and finding no intervening change in controlling law, no new evidence, and no clear error of law/presence of manifest injustice, this Court must deny Plaintiff's Motion to Reconsider.

AND NOW, this 26th day of May, 2011,

IT IS HEREBY ORDERED that the Plaintiff's Motion for Reconsideration is DENIED.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:  Derrick L. Cunningham
     JU-3758
     SCI Chester
     500 East 4th Street
     Chester, PA 19013
     PRO SE PLAINTIFF